[No. 6814–1. Division One. August 27, 1979.]

KING COUNTY PUBLIC HOSPITAL DISTRICT No. 2, *Appellant,* v. PUBLIC SERVICE AND PUBLIC SAFETY EMPLOYEES, LOCAL 674, ET AL, *Respondents.*

PUBLIC SERVICE EMPLOYEES LOCAL 674, ET AL, *Respondents,* v. KING COUNTY PUBLIC HOSPITAL DISTRICT No. 2, *Appellant.*

*Livengood, Silvernale, Carter & Tjossem, Philip L. Carter,* and *Scott W. Wyatt,* for appellant.

*Hafer, Cassidy & Price, John Burns, Slade Gorton, Attorney General,* and *Richard A. Heath, Assistant,* for respondents.

JAMES, J.—This case concerns the certification of two labor unions under the Public Employees' Collective Bargaining Act, RCW 41.56.

Pursuant to the act, two labor unions separately in September 1974 sought certification as the exclusive bargaining representatives for essentially nonoverlapping groups of employees at Evergreen General Hospital in Kirkland. The petitions were filed with the Department of Labor and

Industries. The Department's functions in this area are now performed by the Public Employment Relations Commission. Both agencies will be collectively referred to as Commission. The hospital opposed certification on the basis that the unions did not enjoy majority support.

At formal hearings concerning the proper shapes of the two bargaining units in October 1974, the hospital requested a chance to examine the signed bargaining authorization cards which accompanied the petitions, but its request was denied. As authorized by RCW 41.56.060, the Commission chose to determine the existence of majority support for each union by cross–checking signed bargaining authorization cards. On that basis, its hearing examiner entered findings of fact that each union enjoyed majority support and granted certification in December 1974. However, the hearing examiner did not state what the total counts were or when they were made. The Commission upheld its hearing examiner in all relevant parts.

The hospital sought judicial review but the suit did not proceed after the trial judge orally stated his belief that union certifications are not directly reviewable. In order to ripen the dispute, the hospital refused to bargain with the unions.

The unions filed unfair labor practices charges with the Commission against the hospital due to its refusal to bargain. At administrative hearings before the Commission, the unions offered to introduce the original signed bargaining authorization cards into evidence in response to the hospital's allegations that the unions did not enjoy majority support. The hospital rejected this offer. It justified this refusal by contending that "(i) the cards themselves (without proof of an administrative crosscheck) were not proof of employee authorization; and (ii) the hospital sought to preserve its right of appeal from the refusal of the unions to allow examination of the cards at the earlier certification hearings."

After the Commission ordered the hospital to bargain, the hospital again sought judicial review and the unions

sought enforcement of the order. The two cases were consolidated.

The hospital admitted it had refused to bargain but argued that its refusal was justified because the unions had never been properly certified. The trial judge remanded to the Commission to supplement the administrative record

> for the limited purpose of redetermining whether the authorization cards submitted by the two unions show that the union represented a majority of employees, at the time of the hearings [held in October 1974], in the units found appropriate. The confidentiality of the cards themselves must be maintained. However the redetermination should state specifically the number of employees in each unit and the number of those employees who signed acceptable authorization cards for the union in question.

The Commission's report indicated that a search of its files had failed to disclose any written record of the original cross–check of authorization cards and that the employee who had conducted the cross–check had since died. The Commission then conducted another cross–check of the authorization cards, confirmed that the unions had majority support, and reported the information requested by the trial judge.

The trial judge ordered the hospital to start bargaining. We affirm.

The hospital's first contention on appeal is that the certifications are invalid because they are based on findings which in turn are based on evidence not in the administrative record. In support of this contention, it cites the administrative procedures act (APA) and RCW 34.04-.090(6). As we understand the hospital's position, it contends that the identity of employees who supported the unions should have been included in the public record. That contention is without basis in law.

■■ The determination of whether a union has majority support is not an APA "contested case" as no hearing is required. RCW 34.04.010(3); RCW 41.56.060. Findings of fact must be based on the record only in "contested cases."

RCW 34.04.090(6). Moreover, under generally accepted labor law principles, the names of employees who support a union are not disclosed. *See NLRB v. J.I. Case Co.,* 201 F.2d 597 (9th Cir. 1953).

The hospital next argues that, because the administrative record is deficient, the trial judge should not have remanded but rather should have ruled that the certifications are invalid. We do not agree.

■ The trial judge heard no testimony and considered only the administrative record. Therefore, we are not bound by his findings and conclusions and must make an independent review of the record. *Smith v. Skagit County,* 75 Wn.2d 715, 453 P.2d 832 (1969). Upon doing so, we agree with the trial judge's conclusions: While the Commission should have stated on the record the total number of employees in the bargaining units and the number who authorized the unions to bargain for them, its failure to do so was not prejudicial.

The hospital's last contention is that the Commission ascertained majority support as of the wrong date and with respect to the wrong bargaining units. Its contention is without merit. On remand, the Commission properly applied the ultimate shape of the bargaining units, finalized in June 1975, to employee lists as of October 1974, when the representation issue first arose.

The Commission requests that this court rule that certification by the Commission is by itself an issue ripe for judicial review. The Commission admits that such a ruling will have no bearing on the outcome of this case. The question is moot and we decline to reach it. *State ex rel. Evans v. Amusement Ass'n of Wash., Inc.,* 7 Wn. App. 305, 499 P.2d 906 (1972).

Affirmed.

FARRIS and ANDERSEN, JJ., concur.